**Cato B. CORBETT, Jr., Plaintiff-Appellant,**

v.

**Winton M. BLOUNT, as Postmaster General of the United States of America, et al., Defendants-Appellees.**

**No. 30993**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 4, 1971.

Rehearing Denied June 7, 1971.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Bernard Nachman, Jacksonville, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger, Asst. U. S. Atty., Middle District of Fla., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

**PER CURIAM:**

The appellant, Cato B. Corbett, Jr., challenged, on procedural due process grounds, his dismissal from employment as a carrier with the United States Post Office Department at Jacksonville, Florida. The district court rejected Corbett's contention that there had not been substantial compliance with the Post Office Department's own regulations during the course of the first level administrative appeal of the dismissal. We agree with the decision of the district court and affirm.

The thrust of Corbett's appeal concerns several differences of opinion which arose between the designated Hearing Officer and the appellant's attorney, John Paul Howard, concerning the conduct of the administrative hearing authorized by Section 746.4 of the Postal Manual. Corbett asserts that the Hearing Officer improperly refused to afford Mr. Howard sufficient opportunity to examine the evidence to be used by management to support the dismissal of the appellant; that the Hearing Officer unlawfully prevented Mr. Howard from conferring with two witnesses prior to the hearing; that the Post Office Department, in rendering its decision to discharge Corbett, utilized confidential information obtained from the appellant's personnel records which had not been made available to Mr. Howard prior to the hearing; and finally that the Hearing Officer improperly refused to recuse himself upon Mr. Howard's motion.

The government, in the district court and here, has argued that Mr. Howard was not barred by the Hearing Office from familiarizing himself with the evidence to be used against Corbett in the administrative appeal proceeding; that the Hearing Officer did not prevent Mr. Howard from conferring with witnesses prior to the hearing; that the Hearing Officer did not utilize confidential information from Corbett's personnel records not made available to Mr. Howard; that even if such information was util-

# 1120

ized by higher echelon officials of the Post Office Department, no prejudice resulted because the Hearing Officer's findings were supported by the administrative record; and that the Hearing Officer acted properly in refusing to recuse himself.

After a non-jury trial at which the Hearing Officer and Mr. Howard testified, the district court resolved the above factual issues in favor of the government. The district court concluded that there had been substantial compliance with the Department's adverse personnel action regulations and that the dismissal of Corbett had been validly effectuated. Service v. Dulles, (1957) 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403, and Vitarelli v. Seaton, (1959) 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012.

■ The district court's findings of fact are supported by the evidence in the record. No prejudice to the substantial procedural rights of the appellant appears from our examination of the record in this case. Accordingly, the judgment of the district court in favor of the defendants is

Affirmed.